IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTONIO D. PERRY, | § | |
| | § | No. 57, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1502011219 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 15, 2021
Decided: April 27, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Antonio D. Perry, filed this appeal from the Superior Court's denial of his motion for sentence modification or review of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Perry's opening brief that his appeal is without merit. We agree and affirm.

(2)     On May 31, 2016, Perry pleaded guilty to drug dealing. The Superior Court sentenced Perry to fifteen years of Level V incarceration suspended for eighteen months of Level III probation. In January 2017, October 2018, and

February 2020, the Superior Court found that Perry had violated his probation. Effective February 1, 2020, the Superior Court sentenced Perry to thirteen years and seven months of Level V incarceration suspended after nine months (to be served under 11 *Del. C.* § 4204(k) without the benefit of any early release) and successful completion of a Level V program within the discretion of the Department of Correction ("DOC") for three months of Level IV work release, followed by one year of Level III probation. On appeal of this sentence, the Court affirmed the Superior Court's judgment.[1]

(3) Perry filed motions for modification of sentence in April 2020 and November 2020 based on the impact of COVID-19 on prison inmates and prison programs. The Superior Court denied the motions.

(4) On January 4, 2021, Perry filed another motion for sentence modification or sentence review based on his completion of the original nine-month sentence and the lack of available prison programs as a result of COVID-19. The Superior Court denied the motion, finding it time-barred, repetitive, and the sentence appropriate for all of the reasons stated at sentencing. The Superior Court also noted that the DOC had implemented a protocol for increased screening of inmates to protect them from COVID-19. This appeal followed.

(5) In his opening brief, Perry argues that his motion was not time-barred

---

[1] *Perry v. State*, 2020 WL 3069498 (Del. June 9, 2020).

because he filed a motion for sentence modification within ninety days of the imposition of his February 2020 VOP sentence. He also contends that extraordinary circumstances justify review of his sentence because he completed the original nine-month Level V sentence and the prison is not presently offering programs as a result of COVID-19.

(6) We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[2] Under Rule 35(b), a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[3] The Superior Court "will not consider repetitive requests for reduction of sentence."[4]

(7) The Superior Court did not err in denying Perry's motion for sentence modification or sentence review. The repetitive motion was filed more than ninety days after the imposition of his sentence. Perry's filing of one motion for sentence modification within ninety days does not make his subsequent motions filed after the ninety-day time period timely. Nor did Perry establish extraordinary circumstances to justify review of his untimely motion. Given Perry's repeated

---

[2] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[3] Under this statute, the Department of Correction may apply for sentence reduction for good cause shown, which can include rehabilitation of the offender.
[4] Super. Ct. Crim. R. 35(b).

3

VOPs, the Superior Court could reasonably view successful completion of a Level V program as an essential component of Perry's VOP sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice